**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21093-BLOOM**

DUBER ROBERTO PEREZ AGUSTIN,

      Petitioner,

v.

WARDEN, Krome North Service Processing Center;
GARRETT J. RIPA, in his official capacity as Field
Office Director, U.S. Immigration and Customs Enforcement (ICE),
Enforcement and Removal Operations, Miami Field Office;
KRISTI NOEM, in her official capacity as Secretary of the
United States Department of Homeland Security,

      Respondents.

_____/

**<u>ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*</u>**

**THIS CAUSE** is before the Court upon Duber Roberto Perez Augustin's ("Petitioner")

Petition for Writ of *Habeas Corpus* ("Petition"), ECF No. [1]. The Respondents filed a Response

to Order to Show Cause ("Response"), ECF No. [5], and Petitioner filed a Reply, ECF No. [6].

The Court has reviewed the Petition, the supporting and opposing submissions, the record, and is

otherwise fully advised. For the reasons that follow, the Petition is granted in part and denied in

part.

## I.    BACKGROUND

Petitioner is a Guatemalan National who entered the United States in 2018 and has a

pending asylum application.  ECF No. [1] ¶ 18. On January 9, 2018, Petitioner applied for

admission into the United States from Mexico as an Unaccompanied Alien Child ("UAC") at Paso

Del Norte Port of Entry in El Paso, Texas. ECF No. [5-2] ¶ 6. Customs and Border Protection

determined Petitioner was not in possession of any legal documents and took Petitioner into custody before giving him an order of recognizance and releasing him to a sponsor. *Id*. ¶¶ 7-8.

On January 6, 2026 Petitioner was arrested and "confined" in the Orange County jail by an unknown law enforcement official before his transfer to the Miami Krome North SPC on February 5, 2026. *Id*. ¶ 16. Petitioner contends the basis for his January 6, 2026 arrest was that he was undocumented and no criminal charges were filed, no probable cause affidavit exists, and no judicial warrant was issued. *Id*. ¶ 15. Respondents state that Immigration and Customs Enforcement ("ICE") encountered Petitioner after conducting a vehicle stop, determined Petitioner was unlawfully in the United States, and took him into custody. ECF No. [5-1]. A Notice of Custody Determination and Warrant for Arrest were served on Petitioner on January 6, 2026. ECF Nos. [5-4]; [5-5]. On February 9, 2026 the Department of Homeland Security ("DHS") filed a Notice to Appear ("Notice") charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) as an Alien present in the United States without being admitted or paroled and under § 212(a)(7)(A)(i)(I) as an immigrant who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document as required. ECF No. [5-6].

Petitioner argues that his detention without criminal charges, probable cause, or a judicial warrant is an unreasonable seizure in violation of the Fourth Amendment. *Id*. ¶ 23. He further argues that his deprivation of liberty without notice, hearing, or lawful process violates the Fifth and Fourteenth Amendments. *Id*. ¶ 24. Moreover, Petitioner contends his detention under 8 U.S.C. § 1225 is unlawful. *Id*. ¶ 36, and requests this Court issue a writ of *habeas corpus* directing Respondents to immediately release Petitioner. *Id*. at 6. Respondents argue Petitioner is an "arriving alien" and therefore an "applicant for admission" subject to mandatory detention under

§ 1225(b)(2). ECF No. [5] at 4. Respondents further argue this Court lacks jurisdiction to address Petitioner's constitutional claims regarding his detention in Orlando, prior to the filing of a Notice. *Id*. at 12.

## II.   DISCUSSION

### A.  Detention Pending Removal Proceedings

#### i.   Jurisdiction

As a preliminary matter, the Court notes that it has jurisdiction to review the Petition. While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents argue Petitioner is detained pursuant to § 1225(b)(2) and Petitioner invokes § 1226(a), Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See e.g., Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding

the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

### ii.  Petitioner is Entitled to a Bond Hearing

Petitioner notes that "[f]or decades, noncitizens physically present within the interior of the United States, even those who entered without inspection were generally detained, if at all, under § 1226 and afforded individualized bond hearings." ECF No. [6] at 5. Respondents assert that Petitioner is properly detained without bond under § 1225(b)(2)(A). ECF No. [5] at 4-8.

The Eleventh Circuit recently issued a binding opinion regarding the interpretation of § 1225 and § 1226. *See Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065, slip op. (11th Cir. May 6, 2026). The Eleventh Circuit upheld the district court's ruling that the petitioners, who entered the United States without inspection, were apprehended in the interior of the country years later, and had either no or minimal, traffic-related criminal histories, were entitled to a bond hearing under § 1226(a), despite the Government's position that the petitioners were properly held without bond under § 1225(b)(2). *See id.* at 4, 8-9. Consistent with this Court's prior rulings and the rulings of numerous other courts,[1] the Eleventh Circuit rejected Respondents' "re-interpretation" of the Immigration and Nationality Act ("INA") that foreign nationals already

---

[1] The vast majority of courts, including this Court, have adopted reasoning similar to the Eleventh Circuit's opinion. *See e.g.*, Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.,* No. 26-cv-20165 (S.D. Fla. Mar. 23, 2026), Dkt. No. 8 (finding that the petitioner, who was appended approximately eight years after he entered the United States, was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge); *see also Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Second Circuit recently issued a decision similarly disagreeing with the Government's interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). Only the Fifth and Eighth Circuits have agreed with the Government's interpretation of the statute. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

in the country are under the purview of § 1225(b)'s mandatory detention. *Id.* at 4. The Eleventh Circuit explained that an "applicant for admission" is a term of art that "'deems' an alien to be an applicant merely by arriving or being present in the United States without having been admitted." *Id.* at 16. Conversely, an applicant for admission who is "seeking admission" is someone in "pursuit of 'lawful entry . . . after inspection and authorization by an immigration officer[.]" *Id.* at 19. Thus, someone is properly detained pending removal proceedings under § 1225(b)(2)(A), "if he (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and (3) is not clearly and beyond a doubt entitled to lawful entry, as determined by the examining immigration officer." *Id.* at 19-20 (citing § 1225(b)(2)(A)). The Eleventh Circuit explained that petitioners satisfy the first condition because they were "discovered in the interior but were never granted lawful entry;" however, they do not meet the second requirement because they "were not applying for entry in any literal sense when they were detained following a traffic stop[.]" *Id.* at 20. Thus, § 1225(b)(2)(A) does not apply. *Id.* In upholding the district court's grant of a bond hearing pursuant to § 1226(a), the Eleventh Circuit concluded, "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. . . . [I]t appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at 56.

There exist no material distinctions between Petitioner here and the petitioners in *Fidencio Alvarez*. Though Petitioner applied for admission into the United States at the border in 2018, he was ultimately detained after a traffic stop in the interior of the country. Though Petitioner initially entered the United States as a UAC, such status terminates at age 18. 6 U.S.C. § 279. As

5

Respondents acknowledge, "despite the fact he was an UAC when he arrived in the United States in 2018, he was not an UAC when he was detained in January 2026." ECF No. [5] at 7. By the Eleventh Circuit's binding reasoning, Petitioner was not seeking admission. Therefore, this Court applies the Eleventh Circuit's holding in *Fidencio Alvarez* to conclude that Petitioner is, as a matter of statutory interpretation, not lawfully held under 8 U.S.C. § 1225(b)(2). Accordingly, Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241. Furthermore, as Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a), he is entitled to a bond hearing.

### B. Petitioner's Constitutional Arguments

#### i. Petitioner's Fourth Amendment Claim

Petitioner argues that his detention without criminal charges, probable cause, or a judicial warrant constitutes an unreasonable seizure under the Fourth Amendment. ECF No. [1] ¶ 23. However, "[w]ithout a warrant, immigration officers are authorized to arrest an alien only if they have 'reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest.'" *Creedle v. Miami-Dade Cnty.*, 349 F. Supp. 3d 1276, 1297 (S.D. Fla. 2018) (quoting *Morales v. Chadbourne*, 793 F.3d 208, 216 (1st Cir. 2015)); 8 U.S.C. § 1357(a)(2). Here, the I-213 Form indicates that during a traffic stop, ICE verified through immigration databases that Petitioner was in the United States illegally without any proper documentation. ECF No. [5-2] at 2. Petitioner cites no case law or statutory authority to suggest that such verification is insufficient for purposes of probable cause. Therefore, the Court does not find an unreasonable seizure under the Fourth Amendment.

### ii. Petitioner's Fifth and Fourteenth Amendment Claims

Petitioner argues he "has been deprived of liberty without notice, hearing, or lawful process." ECF No. [1] ¶ 24. As Respondents point out, Petitioner is mistaken in asserting that he was not provided notice or explanation for his detention as he was served with Forms I-200 and I-286 on the day he was taken into custody. ECF Nos. [5-4]; [5-5]. Moreover, because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his continued detention, the Court does not separately address his due process arguments.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. The Clerk of Court shall **CLOSE** this case.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all

Case No. 26-cv-21093-BLOOM

pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record